Filed 7/22/15  P. v. Thomson CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHARLES D. THOMSON,<br><br>        Defendant and Appellant. | A142906<br><br>(San Mateo County<br>Super. Ct. No. SC079611) |

Appellant, Charles D. Thomson, appeals from a judgment convicting him of embezzlement of personal property entrusted to him by another (Pen. Code, § 506), [1] entered on his plea of no contest and admission of an allegation that the property taken had a value exceeding $65,000.  (§ 12022.6, subd. (a)(1).)  His court-appointed counsel has filed a brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Appellant's counsel served him a copy of the *Wende* brief and informed him of his right to personally file a supplemental brief within 30 days raising any issue he wishes to call to the attention of this court.  Appellant has filed such a brief, which has been read and considered by the court.

**FACTS**

As prior to sentencing the trial court conducted no evidentiary hearing, we take the facts from the probation officer's report.

---

[1] All statutory references are to the Penal Code.

1

Appellant, who is 55 years old, has no criminal history.  In 1993 and 1994, while he was the executor of his deceased stepfather's estate, he wrote multiple checks from the estate to each of his siblings totaling $87,076.  In April 1994, he filed a false accounting of the estate and in June 1995, when an investigation was commenced, he fled the country and started a family in the Czech Republic, where he taught English and Business Administration for about 10 years.  In 2004, he relocated to Taiwan where he taught English until his arrest and extradition to the United States in June 2013.

**PROCEEDINGS BELOW**

On December 4, 2013, the San Mateo County District Attorney filed a five-count information charging appellant with two counts of embezzling private property (Pen. Code, § 506) and single counts of grand theft (§ 487, subd. (a)), perjury (§ 118), and preparing false instruments.  (§ 115, subd. (a).)  Additionally, with respect to the two embezzlement counts, a great taking enhancement was alleged pursuant to section 12022, subdivision (a).  On April 1, 2014, with respect to the first embezzlement count, that allegation was amended to specially allege that the value of the personal property taken exceeded the value of $65,000.  (§ 12022.6, subd. (a)(1).)

Also on April 1, 2014, appellant plead no contest to the first embezzlement count and admitted the allegation pursuant to section 12022.6, subdivision (a)(1).  In return for the plea, the district attorney dismissed the remaining counts and allegations and agreed that appellant would receive a sentence of no more than two years (§ 1170, subd. (h)), and that restitution of not less than $65,000 would be awarded.  Appellant waived his rights under *People v. Harvey* (1979) 25 Cal.3d 754.

At the time of sentencing, appellant resided in Oregon.  The probation report stated that he was separated from his wife who remains in the Czech Republic with their two teenage children.  The report also stated that appellant had accepted "partial responsibility" for the embezzlement.  At the time, he believed that as executor of the estate he was entitled to the amounts distributed to him and the other heirs without the court's approval; although he subsequently realized such approval was required.  Appellant did not intend to steal the funds and stated that if he had he would have taken

the entire estate. He also said he distributed much of the monies to himself to prevent his stepfather's widow, Andrea Laird, from receiving her share of the estate because she had mismanaged the sale of the stepfather's Woodside property. Appellant also pointed out that he was never in hiding when he lived abroad and "did not believe there would be any reason for a warrant against him."

Prior to sentencing, appellant had made no reimbursement payments and told the probation officer he would have difficulty repaying the large amount he expected the court would require.

On May 30, 2014, the district attorney filed a sentencing memorandum requesting that appellant be ordered to pay $159,701.94 in direct victim restitution to Andrea Laird. Appellant filed a sentencing memorandum contending that the amount recommended by the district attorney should be reduced by $17,125.65, so that he should pay $142,576.29 in victim restitution. The claim for this reduction was based on an order in the probate proceedings. Appellant also said the restitution payment should be made to the estate of George Thomson, not to Andrea Laird, his widow, as recommended in the probation report.

At the sentencing hearing that took place on July 10, 2014, the court denied probation and imposed the agreed upon two-year sentence, which was the midterm for the offense, and ordered that the sentence would be served in county jail pursuant to section 1170, subdivision (h). The specially alleged enhancement was stayed and appellant was given credit for 27 days actually served and 26 days for good conduct. As to restitution, the court rejected appellant's request that payment be made to the estate rather than Andrea Laird. After the district attorney claimed for the first time that the $159,701.65 in restitution payable to Andrea Laird should be subject to an interest rate of 10 percent pursuant to section 1202.4, subdivision (f)(3)(G),[2] the issue of direct victim restitution was bifurcated to be heard at a later date.

---

[2] As material, that provision states that: "The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record. . . . [T]he restitution order shall . . . be of a dollar amount that is sufficient to

3

On July 21, 2014, the district attorney filed another restitution memorandum acknowledging that Laird, the primary victim, had agreed to restitution at an interest rate of two percent per year rather than the 10 percent allowed by the statute, and waived any interest that might accrue after the date of sentencing. Thus, the amount the district attorney sought on Laird's behalf, which only included interest at two percent on $159,701.65 that had accrued prior to sentencing, was $232,655.57.

At the restitution hearing on July 30, 2014, appellant was ordered to pay Laird that amount. As indicated (see *ante*, p. 3, fn. 2), section 1202.4, subdivision (f)(3)(G) requires the court to order *full* restitution—which includes "interest, at the rate of 10 percent per annum, that accrues as of the date of sentencing"—"unless it finds compelling and extraordinary reasons for not doing so and states them on the record." At the hearing, the court indicated for the record that it found compelling and extraordinary reasons for reducing interest from 10 percent to two percent per annum in the unusual fact that the victim and the prosecution stipulated to the lower figure.

In his supplemental brief, appellant maintains that the trial court failed to consider the value of a significant asset of his stepfather's estate, a property known as 20555 Skyline Boulevard in Woodside, California. According to appellant, "[t]his asset was not considered in the calculation carried out by the San Mateo court that determined the amount of assets received by Andrea Laird and the corresponding restitution owed to Andrea Laird from [appellant]."

## DISCUSSION

Because appellant pled no contest and admitted the enhancement allegation, the scope of reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea; guilt or innocence not included. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.)

---

fully reimburse the victim or victims for every determined economic loss incurred as a result of the defendant's criminal conduct, including, but not limited to, all of the following: *[i]nterest, at the rate of 10 percent per annum, that accrues as of the date of sentencing or loss, as determined by the court.*" (§ 1202.4, subd. (f)(3)(G), italics added.)

It is questionable whether appellant's claim that the trial court failed to consider the value of an asset of his stepfather's estate that passed to Andrea Laird, which would have reduced the amount of compensatory restitution he was required to pay Laird, is reviewable, as this matter does not appear to relate to the legality of the proceedings leading to his plea. In any case, the matter is clearly unreviewable for another reason. Appellant says that the facts supporting his restitution claim "are available as a matter of public record." Appellant does not identify the "public record" he has in mind, but it is not the record in this case, which contains no reference to the property known as 20555 Skyline Boulevard."

" ' "A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." [Citation.] [Citations.] 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' [Citations.]" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) The record appellant has presented does not provide a basis upon which we could confidently determine his restitution claim, even assuming that issue relates to the proceedings that led to his plea.

The admonitions given to appellant at the time he entered his plea and made his admission fully conformed with the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122, and appellant's waiver of rights as knowing and voluntary.

Appellant was at all times represented by competent counsel who assiduously protected his rights and interests.

The record provides a factual basis for the plea.

The sentence imposed, including the restitution order, is authorized by law.

5

## DISPOSITION

Our independent review having revealed no arguable issues, the judgment, including the sentence imposed, is affirmed.

                                          _____
                                          Kline, P. J.

We concur:


_____
Richman, J.


_____
Stewart, J.


*People v. Thomson* (A142906)

7